JAMES W. TUFTS
v.
SUSAN JOHNSON.

*Replevin—Conditional Sale—Declaration—Matter of Defense.*

In an action of replevin brought by the vendor of a soda water apparatus for a forfeiture under a contract for a conditional sale, the court below improperly sustained a general demurrer to the declaration, which sufficiently states a cause of action.

Tufts v. Johnson.

[Opinion filed September 21, 1888.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Action of replevin. Demurrer to declaration, which was sustained as to two counts thereof.

The two counts of the declaration to which demurrer was sustained, allege that appellant delivered to Fleury Medicine Company (now Fleury and Company) one soda-water apparatus and founts upon a conditional sale, taking therefor a series of notes, all of which contained a provision that the title should remain in Tufts until all the notes were paid, and allowing Tufts to retake possession for non-payment of notes at maturity, setting out one of said notes *in haec verba.* That certain of said notes had become due and payable and remained unpaid, and that appellant was therefore entitled to the possession of the apparatus and founts. One of the counts alleges that the defendant, Susan Johnson, well knowing that Tufts had claim and title to said property, colluded with Fleury and Company, and received from them a bill of sale to said property, and took possession of the same, which was without a valuable consideration, and done by the said Fleury and Company for the object and purpose of defrauding the plaintiff.

The other count alleges that the defendant herein, well knowing that the plaintiff had claim and title in and to the said apparatus and founts above described, then and there negotiated with and received from the said Fleury and Company, by purchase, the said apparatus and founts, and refused to deliver the same upon demand. A general demurrer having been interposed and sustained to these counts, the plaintiff withdrew the other counts and judgment was rendered against him for costs.

Messrs. ORENDORFF & PATTON, for appellant.

Messrs. JOHN C. SNIGG and JOHN M. & JOHN MAYO PALMER, for appellee.

WALL, P. J. The only question is, whether the fourth and fifth counts were obnoxious to a general demurrer. It is not controverted that upon the substantial facts alleged, the plaintiff had the right to retake the property as against the vendee or any one holding under him with full notice of the plaintiff's rights, and this, it is said by appellant, and we presume correctly, was the point involved and discussed on the argument of the demurrer.

Appellee insists, however, that the declaration fails to show that, at the commencement of the suit, the situation alleged by the pleader still continued. In other words, while plaintiff alleged that on a day named he was, by reason of the non-payment of certain overdue notes, entitled to resume the property which " defendant unjustly detained and refused to deliver to plaintiff, though requested so to do, until, etc.," still it did not appear but that the notes were paid before suit was commenced, thereby cutting off the rights of the plaintiff. This very technical objection, if a valid one, should hardly vitiate a declaration upon a general demurrer, and we may safely assume under our present practice that if suggested below it would have been obviated by amendment. We are not satisfied, however, that it is really valid, even upon the reasoning of the brief.

It appears default in payment of the notes at maturity terminated *ipso facto* the rights of the vendee; that there was such default, and therefore plaintiffs had the right to retake, which state of things continued "until, etc.," meaning until plaint filed. If, after default, the plaintiff waived or accepted payment, or if any facts occurred which would in law prevent him from asserting the forfeiture, it should be set up by way of defense. We are of opinion it was error to sustain the demurrer. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*